The Honorable, the Judges of the United States Court of Appeals for the Fourth Circuit. Oyez, oyez, oyez, all persons having any manner or form of business before the Honorable, the United States Court of Appeals for the Fourth Circuit are admonished to draw an eye and give their attention, for the Court is now sitting. God save the United States and this Honorable Court. Be seated, please. All right, the first case we'll hear this morning is Gardner v. GMAC and Mr. Kearney. Good morning. May it please the Court, the last appeal in this case established that GMAC violated important consumer protection rights of the plaintiffs granted by Maryland's CLEC statute. And this appeal is about whether those important consumer rights carry any remedies or whether GMAC can violate them with impunity. The last appeal determines that these violations occurred because the issue of whether a public, of whether the repossession sale of their vehicles was public or private, was certified to the Maryland Court of Appeals as determinative, because if indeed the sale was private, the Court found, this Court found, that GMAC had not provided the information that was required in the private sale notice and that a deficiency judgment could not be obtained. Once the certified question was heard by the Maryland Court of Appeals, the Court of Appeals decided that the sale was indeed private, so therefore, based on that decision, the case was remanded. However, according to GMAC and the District Court, nothing changed as a result of that decision. Even though the District Court originally characterized the public versus private issue as the central and critical issue in the case, upon remand, the first substantive thing that happened was that GMAC filed another motion for summary judgment, which was granted by the District Court. There was no further discovery. And the District Court decided that GMAC could go after a deficiency against the plaintiffs, that even though Maryland's CLEC statute says that, and this Court found, that in the event that there is a private sale notice violation, a deficiency judgment may not be obtained. The District Court initially paid lip service to the idea that a deficiency judgment could not be collected, acknowledging that that's what CLEC provided. Well, there's two different concepts. Obtaining a deficiency judgment, it's clear that GMAC can no longer do that, but collecting the balance through some other means, and I'm still trying to figure out how that would happen, is an entirely different concept, is it not? Well, I don't think it is entirely different. Or at least having the balance available as an offset should matters change down the road. Well, and that's an important issue, Your Honor, because if that is characterized as an offset, and the District Court did characterize it as an offset, as one of the bases of the opinion, if it's characterized as an offset and a basis for dismissing or granting summary judgment on plaintiff's claims, that is a judgment of the Court. That constitutes a deficiency judgment. If the Court decides the plaintiffs owe GMAC money because of this deficiency, well, that's a deficiency judgment. And the reason that the offset comes into play... I don't follow that. It seems to me if the plaintiffs sue for $100,000 and there's an offset of $11,000, they get $89,000, but that's not a deficiency judgment. Well, Your Honor, there is a determination and adjudication by the Court that that, in your scenario, Your Honor, that that $11,000 was owed. Well, that's a set-off. It's an offset. In other words, it's the amount the plaintiffs aren't entitled to the full amount they're claiming because they owe money. Well, in this case, Your Honor, because of the deficiency bar of PLEC, there is no deficiency judgment. I don't know if that's even so. I mean, it seems to me that's even subject to challenge. You're talking about K, right? Yes, Your Honor, K-4. Yeah. K-4 provides that if any... K talks about a public sale. Well, K-1 talks about a public sale. K-4 talks about any violation of the section, which would include a private sale, and that was the basis upon which the district court found that the K-4 deficiency bar applied to a private sale in the Smith versus... But in this case, in order to eliminate any question of need to construe that, GMAC has not only made assurances, but the district court has relied on them, and it's held record. And it seems to me that it's pretty clear that they are not seeking a deficiency judgment of any kind. And that I don't know what you would seek a declaration about at this point. Well, there are several things that I think, in addition to the deficiency judgment issue, that there is a need for a declaration about. But I just want to try to make this point again that if there is a set-off, if the plaintiffs are owed some money, which is what we would contend that they are, they are owed money, the set-off concept relies... Who's owed money? The plaintiffs are owed money. So is GMAC. By GMAC. Well, Your Honor, these people promised to pay for the vehicle, and they're short about $11,000 each. Well, GMAC promised to comply with the law when it repossessed the vehicle, and it did not. But if you look at the law, what the remedies are. Yes, Your Honor. And the remedies, in this case, are not to collect interest and the fees and all those other things that it says. Well, those are some of the remedies. And they wouldn't purport to do that under the deficiency. Well, those are some of the remedies. But again, Your Honor, under Maryland case law, under the Gardner case, this case, decided by the Maryland Court of Appeals, under the Patton case, which was decided by the Maryland Court of Appeals more recently, under the Green v. Ford Motor Credit case decided by the Maryland Court of Special Appeals, if a creditor violates the statute by not providing the required notice, they are limited to the proceeds of the sale. That's all that they can collect. There is nothing more that they are owed. So there is no set-off that can be made. So not only is there not a deficiency judgment, they can't get anything more. Finding that they are owed something more, for a court to find that, would be a court determining that they are owed something, i.e., that they are owed a deficiency judgment. Why isn't your whole argument precluded by Bediaco, Mark's decision in Bediaco? Well, Your Honor, there's... Wouldn't we have to overrule that as a panel? Well, first of all, Bediaco was an unreported decision. There are several important distinctions between this case and the Bediaco case. One of the very important distinctions is that the Bediaco case did not include a claim for declaratory relief, which this case does. And one of the things that the plaintiffs in this case are seeking declaratory relief on is a declaration that GMAC may not collect the interest costs, fees, and other charges that they are seeking to collect as part of the deficiency balance. So they say that they're not going to collect a deficiency judgment, that they're not going to go after a deficiency judgment. But the deficiency balance that they say that they can collect includes explicitly interest... Don't you have to wait until they do seek to collect the deficiency balance to have a controversy entitling you to declaratory relief? Well, Your Honor, they have sought to collect that. There are letters in the file. Okay, but don't you have to have a lawsuit in which they have sought to collect that? No, Your Honor. Under the Maryland Declaratory Judgment Act, as long as there is an actual controversy between the parties, that's sufficient to request... It would later be an issue. If there is a dispute between the parties about their rights under the law or under a contract, for example, as there is here, they have the right to go to court and get a declaration on that. And that's what we have here. That's what we had in Bediaco. We specifically found that the plaintiff's request for both legal and equitable relief failed. So I'm not sure that that distinction has any merit. Well, Your Honor, in the Bediaco case, there was no claim for declaratory judgment. The declaratory judgment claim had been dropped. So here we have that claim, and we are seeking... But you have to have a case or controversy. Yes, Your Honor, and the case or controversy is that GMAC says... They said to the court, and the court relied on it, and it's been entered in the record of this court that they are not seeking a deficiency judgment, right? They have said that. Now, again, they... How did the district court handle that? What did the district court say? The district court said that they were not seeking a deficiency judgment, and then the district court said, but because the plaintiffs owe money, i.e., they owe a deficiency balance, and I, as the court, am determining that, they don't have any other claims. That's a deficiency judgment. But, Your Honor, it is... GMAC has not said it's not going after the deficiency balance. It said that the nominal damages that plaintiffs are entitled to, at the very least, under a breach of contract claim, and this is the other thing that distinguishes it from Betty Ako. There was no nominal damages under breach of contract argument that was analyzed. I don't know if it was argued or not, but that is certainly not something that was presented in Betty Ako, not something that was analyzed. And there is black-letter law that we are entitled to, at the very least, nominal damages for breach of contract. Well, how can that be in a circumstance where the breach of contract involves a breach of a statute? That's the only breach that is involved incorporated, and the breach of the statute is accomplished only if there are damages. No, Your Honor. The statute was violated. That is something that has been determined not only by this court, but by the Maryland Court of Appeals and by the district court. All have found that CLEC was violated. Doesn't it require damages to pursue a statutory claim? No, Your Honor. CLEC does not require damages. CLEC includes statutory damages that do not have any component of actual damage. Aren't those the same? I mean, it's got to be something more than nominal, but I get your point that perhaps there's a separate claim for relief for breach of contract, which might entitle you to nominal damages. But Judge Niemeyer's point is that they're one and the same, so why don't they cancel each other out? Well, because the – why don't the – I mean, why isn't the claim for nominal damages assumed within the statute? Well, because the violation of CLEC constitutes a breach of contract, and that was held by the Maryland Court of Appeals in the patent case at 437 Maryland 113. A violation of CLEC is a breach of contract. And, again, under black-letter Maryland law, there are at least nominal damages for any breach of contract. It's Taylor v. Nations Bank. So we're also entitled to breach of – Let me just ask a practical question. So if you're correct, what does that entitle you to? Well, we would be entitled to breach of contract damages, which would be CLEC damages, and we are also, if – No, no, I'm talking about the nominal damages. What does that get you? Well, nominal damages, if that's all that we were to get, and I would contend that we are entitled to far more than that. But nominal damages, at the very least, keep us in court. And this is one – Don't you have an anomalous situation? Because if you get nominal damages, and we disagree with you on the remedies that are available regarding the in which there would necessarily be a deficiency judgment rendered, if there's a set-off. If there is a set-off and there is a deficiency – if there is a deficiency judgment entered as a result of this case, that would violate the statute. Right. So how do you get anywhere with your nominal damages claim is what I'm asking. Because if your pursuit of nominal damages could only result in a deficiency judgment, if we disagree with you on the issue of the principal amount, what do you gain? Well, I'm not sure that I'm understanding your question, Your Honor. There could be no deficiency judgment. And that is one of the major points here, is that the district court has found there could be no deficiency judgment. So if at the very least the plaintiffs are entitled to something, they went to the court of appeals, they obtained the determination that their rights had been violated, they're entitled to nominal damages for that. If there's a set-off, if there is some kind of a deficiency judgment, that's exactly the point that I'm making, that that can't happen. There can't be a result in this case where there is a deficiency judgment. And I'd just like to – You can't get what's owed on the principal? Well, Your Honor, there is nothing owed on the principal. And so GMAC, no, GMAC cannot collect anything further on the principal because of the deficiency bar under play. And this is an issue where the – I'm not sure you're – just getting back to this damage claim, we held in Betty Occo that nor may Betty Occo salvage her suit by relying on potential award of nominal damages. Maryland courts have refused to allow nominal damages in certain consumer protection cases requiring proof of actual damages. Nominal damages may not be available in action for deceptive trade practices, et cetera. And it says, finally, the request for equitable and declaratory relief also fails. And you said there was no declaratory interest in there. That's even assuming that declaratory relief is available under the fact that the debtor has paid less than the full principal amount. Betty Occo has no right to such relief. Honda Finance has repeatedly abandoned any claim for deficiency judgment against Betty Occo. Yes. And we said in the absence of a controversy, I don't understand why that reasoning, setting aside the fact that it's unpublished, but that reasoning isn't the same thing you're trying to have us change. The nominal damages that were discussed in Betty Occo, the case that's cited there, the Fraser v. Castle Ford case, is a reverse case of the Maryland Court of Special Appeals dealing with nominal damages under the Consumer Protection Act. It has nothing to do with breach of contract damages. Again, there's black letter repeated Maryland law. We're entitled to nominal damages for breach of contract. That wasn't raised. That's a general thing, but when the breach of contract involves a statutory violation, then you can look at the statutory violation. And we say here, in short, even if Betty Occo has adequately alleged a violation of flex notice provisions, she is unable to state a claim because she has suffered no actual damages that are compensable. I don't understand why that doesn't take care of it. Well, Your Honor, again, because that was dealing with nominal damages under the Consumer Protection Act. There is no authority that I'm aware of. We said you don't have a claim unless you have actual damage. Yes, Your Honor, but it was not under the rubric of breach of contract. And again, in Patton, which was after Betty Occo. No, that's a separate question. The reason I asked you a question earlier, and I'll take us through it again, the breach of contract count, in this case, is a breach of contract only because GMAC violated CLEC. And CLEC provides a cause of action only if you have actual damage. So the question is, why would we award nominal damages for that breach when CLEC doesn't allow nominal damages? Well, Your Honor, I would disagree with the premise of that. CLEC does not require actual damages. CLEC requires... Well, we held it. And the question I have is why wouldn't that govern? We say as long as there's a deficiency, then there's no damage. Well, there is... CLEC does not... Actual damages appears nowhere in CLEC. 12-10-18-A-2... 10-82 says the only relief relates to the fees and interest and basically leaves open the principle. And so it's pretty clear that there is no damage if there's still an open-ended principle. Well, but that has to be read in context with 12-10-21, which is the repossession section. And that provides that there may not be any deficiency judgment if the repossession provisions are not complied with. But if we accept the... And so that's a violation, Your Honor. If we accept the abandonment, the judicial abandonment of deficiency judgment, doesn't that end it? If you accept the judicial abandonment of the deficiency judgment, then, again, they violated the statute. They violated the plaintiff's rights. They breached their contract with the plaintiffs. The plaintiffs are entitled to nominal damages, not only for the violations of 12-10-18... But the question is what contract did they breach? And you're saying the contract they breached was the obligation to comply with statutory law. And that's a violation of the statute incorporated in the breach of contract. Yes, Your Honor. But the statutory claim only can go forward if there has been actual damage. And it seems to me in that circumstance you can't have nominal damage and then say it's a breach of contract because there's no actual damage. In other words... Well, that's where nominal damages operate, Your Honor. When there's a breach of contract and you can't show actual damages, that's where nominal damages come up under the law. This is what you can't show. It's the fact that there was no breach. There's no cause of action under CLEC, at least according to this last holding we did in our earlier case. Even if Betty Echo has allegedly alleged a violation of CLEC's notice provisions, she is unable to state a claim because she has suffered no actual damages. Well, the district court... You say that's wrong, I gather. That's the only way you can argue. Yes, Your Honor. That is wrong. And so you want us to reverse our reasoning in our earlier case. I believe that that is part of it. Yes, Your Honor. And the question is, then, why should we do that if we didn't reason it through at that point in time? Why should we relitigate that point? Well, one of the reasons is that the patent case in the circuit court, in the state circuit court, rejected the same arguments that are being made here by GMAC. That state court decision stands against the decision in Betty Echo. In addition, the Commissioner of Financial Regulations decision in the Ward case, which was recently affirmed on appeal by state appellate court, the circuit court sitting as appellate court, that also is irreconcilable with the Betty Echo case. And so this question should be certified. Just a minute. Didn't the Commissioner hold alternative grounds, one where there was no foreclosure repossession and one where there was? That's what GMAC said, Your Honor, but that's not what the Commissioner said. The Commissioner said all of the loans are entitled to a complete refund of all interest paid. They can elect to have that as a refund or they can elect to have that applied to the balance of their loans. And in that case, there was no deficiency bar. There is no deficiency bar under the Maryland Mortgage Loan Law. So here the case is even stronger. So that question should be certified to the Maryland Court of Appeals to resolve the dispute between the state and federal courts and not reserve the- Yeah, you have small rebuttal time. We'll see you back. Mr. Bryce? Good morning, Your Honors. May it please the Court, Martin Bryce for GMAC, now known as Ally. Their argument, Mr. Carney's argument, is premised on this concept that he doesn't quite out and say, but I'll say it, and that is the inability to obtain a deficiency judgment is one in the same with satisfaction of the loan. So if you can't obtain a deficiency judgment, they say, then the loan has to be zero balanced. There is utterly nothing in CLEC that supports that, and I'll say in a moment or two, or I'll demonstrate in a moment or two, that that's contrary to the language of CLEC. There's also nothing in any Maryland decision, court of appeals or otherwise, that supports that concept, and, in fact, the decisions of the Maryland Court of Appeals are to the contrary. First, in Gardner, the Maryland Court of Appeals never dealt with this issue. It wasn't before it. Its decision in response to this court-certified question was very narrow, and that is, was this a public or a private sale, period. And the court says it itself in its opinion. The issue before us is limited to the $1,000 admission fee and its impact on the characterization of sales of repossessed cars as public versus private, period. That's all the Maryland Court of Appeals was dealing with. It wasn't dealing with this. Well, patent, thank you, Judge Niemeyer, also had nothing to do with that. Patent involved principally the statute of limitations and whether CLEC could be incorporated into a contract. That's it. It also didn't equate the deficiency judgment bar with satisfaction, and, in fact, it did the contrary. There's a footnote in patent, footnote 22, where the court discusses a parade of horribles. There's 1019 of CLEC, which says if you were going to sue for a CLEC violation, you've got to do it within six months of satisfaction. And the argument that had been raised by the district court in Bediaco, and I argued patent in front of the Court of Appeals, and I made the same argument in front of it. The argument had been made, you know, that's open-ended. You'll be able to sue a lender 20 years later unless the loan is marked satisfied. And in footnote 22, the Court of Appeals muses about whether or not a deficiency judgment bar can be equated with satisfaction and expressly refuses to decide the issue. The court simply didn't decide it. Now, of course, if you can't obtain a deficiency judgment, then you can't obtain a deficiency judgment. There's no reason to equate that with satisfaction, and there's actually very good reasons not to. Again, 1019, the statute of limitations, if you're going to sue for a CLEC violation, you've got to do it within six months of satisfaction. If their argument is right that the deficiency judgment bar equates with satisfaction, then if you violate CLEC today, for instance, then that means the loan is satisfied because you can't obtain a deficiency judgment, and, again, they're the ones equating it. So the six-month statute of limitations starts running today. They don't want to go that far, though. Again, there's nothing in CLEC that equates the deficiency judgment ban with satisfaction. And, in fact, doing so actually effectively reads 1018A2 out of CLEC because it's then impossible for the creditor to collect the judgment or to use the judgment, excuse me, the balance, or to use the balance as an offset if the loan has to be zeroed out solely by virtue of the deficiency judgment. And that's clearly not what 1018A2 provides. It expressly, by its plain language, as Judge Diaz, you recognized, assumes that there's going to be an offset, and the plaintiff establishing a CLEC violation only can have damages if those damages are in excess of the principle. That's what it provides, and the various provisions can be read harmoniously. 1021K4 simply means you can't obtain a deficiency judgment. 1018 simply means you can collect the principle or you can use it as an offset, although you can't obtain an actual deficiency judgment. And that's precisely what the district court did here. It recognized that we, on the record, both through counsel and briefs and an affidavit submitted by ally, expressly stated we are not seeking, we will not seek a deficiency judgment. That was both in the briefs and the affidavit, and it then applying 1018A2 and this court's decision in Vediacco did the math and concluded, in math they don't and can't challenge, that they hadn't repaid the principle. Therefore, no damages. It's really that simple, and this court got it right in Vediacco. These sums that are in there, 11,400 and 10,000-sum change, those are the principle sums without fees and interest? Well, what the district court, yes, Your Honor, what the district court did is actually gave the plaintiffs the benefit of the doubt. It took everything that they paid, as well as the price obtained when their cars were sold, and applied them to principle and still came out. It started with the amount of the note. Correct. In one case, 38,000, subtracted the payments, subtracted the sales price, and ended up with the deficiency. Exactly. For Gardner, about 11,500, and for Scott, just 20 or so dollars shy of 11,000. So way, way over. They're not even close to having paid off the principle, and they can't argue with that math. What about the plaintiff's separate claim? They seem pretty insistent that they're entitled to a judgment on nominal damages, which, as I understand it, under Maryland law, is the princely sum of $1. So they did allege a separate breach of contract claim, separate and apart from the statutory violation, and they say that black-letter law in Maryland dictates that they be entitled to that $1 nominal damages judgment. What's wrong with that? Well, first, Judge Diaz, it's not separate and apart from the CLEC violation. It's entirely premised on the alleged violation of CLEC. How does that matter? Well, it matters because as— If it is a common law cause of action for breach of contract, why does it matter that the contract incorporates CLEC in terms of whether they have a common law remedy as opposed to a statutory remedy? Clearly, under Bidiaco and the reasoning, they have no statutory remedy, but why don't they have a common law remedy? Well, if they were pointing to a separate violation of the contract— Why would they have to? If there is a breach of contract, and maybe there's something I don't understand about Maryland law, but if there is a breach of contract that constitutes a statutory violation, or a statutory violation, excuse me, that constitutes a breach of contract, why isn't that a breach of contract compensable under the common law as opposed to not having a statutory remedy for actual damages under CLEC? Well, two points, Judge Keenan. Number one, it effectively does an end-run around CLEC and CLEC's requirement for actual damages. There's utterly no Maryland case law, and they don't cite any, that demonstrates that they can do it. And as I believe it was you, Judge Nehemiah, or maybe it was you, Judge Diaz, said, the two cancel each other out. The princely sum of $1— and Judge Keenan's asking a similar question. I was asking the question, if the breach of contract is based on a violation of CLEC, which, in turn, is based on damage, then can you have a nominal damage award when there is no damage under CLEC? No. There's no case law supporting that. Betty Ako also involved a breach of contract claim. I guess the Keenan question is, if there was a breach of CLEC, regardless of whether there was a damage, then there's a breach of contract. I think that's her question. And if that's so, then why not $1 damage? Well, there's no support for that under Maryland law when the breach of contract claim is— How about your response would be to pull out a dollar and hand it in? Well, candidly, Your Honor, maybe I will end up doing that, depending on the court's decision. That's facetious. Oh, no, I understood that, Your Honor. But actually, what's not facetious is— For what it's worth, Betty Ako, as I recall, that argument was not made by the plaintiffs, and I don't know if it would have gained traction, but, I mean, there it is. So what do we do about it? Well, I don't know whether or not it was made by the plaintiffs, Judge Diaz. I don't know if it was. All we have is the opinion, which, of course, noted that there was a breach of contract claim and noted the unavailability of nominal damages. I think the court got that right. I think, again, whether it was your— Thank you. You're welcome, Your Honor. Whether it was your point or, Judge, Nehemiah's point, the two do cancel each other out because, again, you still have the problem that these plaintiffs are well over— If my question were an argument, the argument would be that the breach of contract normally entitles a person to damages because damages is not an element of the violation. But when you have a breach of contract based on a violation of a statutory claim and the statutory claim cannot be established, my question was, is that principle still applicable? Well, here's what I would say, Your Honor. You can't have half a baby. Either CLEC is incorporated or it's not. They're saying CLEC is incorporated. If you're incorporating CLEC, then you've got to incorporate all of CLEC, which includes its requirement for actual damages. And that's what I mean when I say they're attempting— But that's changing the law of breach of contract. Well— I mean, there can be nominal damages available in a breach of contract action and why just because there's— I guess maybe the best way to narrow this down is to say what if there were no CLEC cause of action here, okay? And the only claim that was being asserted was breach of contract under the common law, okay? What would your response be? Nominal damages are not available? If it's the only claim here, nominal damages are not allowed because CLEC doesn't allow damages? Is that what your answer would be? Well, no, Your Honor. That's not what my answer would be. If they were pointing to a violation of a different provision of the contract— No, but what I'm saying is we have everything we have here under the breach of contract but no other claim. And you would say that because CLEC requires actual damages, even though Maryland law does not require actual damages in a breach of contract action, you can have nominal damages, but somehow the fact that it was a CLEC violation that caused the contractual breach then transforms Maryland law as to breach of contract damages under a breach of contract theory. Well, Your Honor, our position is you can't selectively incorporate CLEC. If you're incorporating CLEC, then you incorporate all of CLEC. But that's assuming—you want us to say— and I'm not sure what the answer is, but to me it seems to me that what you're saying is that because CLEC says if you don't have actual damages, you don't have a remedy under CLEC, that that wipes out your breach of contract remedy for nominal damages when Maryland law says you don't have to have actual damages. That is our position, but there is no Maryland law that deals with this precise situation. Well, I suppose the legislature could do exactly that if they had said so expressly, right? There's no bar to that. No, none at all. You can't point to a case that says that happens in this context. The closest— Look, our case. You took the words right out of my mouth, Judge Diaz. That's the only case I can point to. But frankly, leaving that aside, they can't point to a case to the contrary either that demonstrates— would be violated because the breach of contract is the breach of CLEC, and CLEC clearly says you can collect the principal, and by reducing the principal by $1, you're violating CLEC. That's exactly right, Your Honor, and it's our point. You can't selectively incorporate CLEC. In CLEC, the Maryland legislature made a specific determination that a lender is entitled to collect every last penny of its principal, and they're attempting to use the common law to do an end run, now granted only to the tune of a dollar, but nevertheless to do an end run around the express language of CLEC. And that wouldn't be a problem, it would seem to me, if there were an independent violation of the contract. But if the only violation were a violation of CLEC, then it seems to me there's a little tension there. I don't know how it's resolved. I'm not sure there's any case that has resolved such an issue, but it's an interesting issue. Well, that's exactly right. We wouldn't be dealing with this if their breach of contract claim was premised on something other than CLEC or wasn't entirely premised on CLEC. It is. Do you agree we really don't have any authority answering that question? One way or the other, no, Your Honor. On that nominal damages issue, there is nothing expressed. But the primary issues in this case, whether or not actual damages required under CLEC are crystal clear under the language of the statute, are crystal clear under every single decision, both of this court in Bediaco and the district courts in Maryland. There are utterly no contrary decisions. Ward is not contrary. The decision of the commissioner, by any stretch of the imagination, Ward recognized and did precisely what the district court did here. Neither Patton nor the Court of Appeals decision in Gardner are contrary. And they at the very least implicitly recognized what the district court did here. There is simply no basis to conclude that there are actual damages here or that they don't need to establish actual damages. There's simply no basis to conclude that the deficiency judgment ban equates  That is contrary to the language of CLEC. There's nothing in Patton or Gardner providing such, and that would actually do violence to the language in CLEC. I mean, in short, the district court got it right here. It followed Bediaco. It followed the plain language of CLEC. It did the math. They can't contradict the math. There's no contention here that they paid more than the principal because they didn't. Mr. Price, can I ask you about the plaintiff's contention that procedurally the court, the district court, erred when it dismissed these claims outright as opposed to remanding some of them and dismissing some without prejudice, the claims for injunctive relief? Well, number one, Your Honor, there is nothing to get injunctive or declaratory relief with respect to, simply because, as I stated, we stated and the district court accepted that we are not seeking and will not dismiss. That's the point. If the claim is moot, then they say there really was no claim to dismiss, at least not a dismissal with prejudice, but in fact the remedy should be to remand a portion of the claim, the one that was removed and dismissed without prejudice with respect to the rest. Well, remand what, though, is what I would say, Your Honor. There is nothing to remand. Are they going to ask the state court for an order barring us from getting a declaratory judgment? There's no need for that because of our representation and because, by the way, the statute of limitations for our seeking a deficiency judgment, excuse me, has plainly run. That's a four-year statute under the Court of Appeals decision in Scott that had already run with respect to plaintiff Scott here. But that's affirmative defense. It doesn't necessarily moot the viability of a claim, I suppose, when we're inclined to bring it. Well, I would say it does. I don't see how we could bring an action for a deficiency judgment when we know the statute of limitations has run and when we've said we are not going to seek such. There's simply nothing to remand to the state court. What they would like the state court, I think, to decide is what the district court here refused to do. And, again, that's the deficiency judgment ban equates with satisfaction and requires the zero balancing out of the account. And there's simply no authority for that in CLEC. I mean, utterly none. And it happens every day, Your Honor, where a lender doesn't choose to bring a lawsuit, whether it be for a deficiency judgment or otherwise, and continues to carry that loan balance on its books for the potential offset. If there's a suit potentially for credit reporting purposes, there's nothing in CLEC that says we can't do that. And there's nothing in CLEC that says when they sue for a CLEC violation that we're not allowed to offset under 1018A2, which it expressly recognized. Let me ask you something else that I don't think you addressed in your brief, and that is Ms. Gardner's separate claim that she suffered injury as a result of having to travel to the site of the sale. And that is a claim for damages under the Consumer Protection Act. Did you address that? I don't think you did. We didn't. That actually really doesn't appear in their complaint. For that matter, a request for nominal damages doesn't appear in either of the two complaints in this matter. And I don't believe that was argued in opposition to summary judgment either, for that matter. And they certainly didn't put in any evidence below quantifying what that number might otherwise be or link it. I mean, there needs to be a misrepresentation under the Consumer Protection Act. They didn't link that through any kind of reliance or causation and then say we're owed X dollars for that. It's a throwaway that's entirely unsubstantiated. All right, thank you. Thank you very much. Mr. Carney? Thank you, Your Honor. I have a question just before you get started so I don't lose track from this last argument. Wouldn't every CLEC claim include a breach of contract claim of necessity because they signed these papers? Generally, yes. CLEC has to be elected in the contract. So if there is a violation of CLEC, it's going to be a violation, a breach of the contract. So why isn't it of necessity then that if you were to get a nominal damage award on the breach of contract claim, you're actually circumventing the 1018A2, which says they can keep their principle? Well, Your Honor, I think that 121018A2 is being read for more than it is. It is not a sword for GMAC. 121018A2 is permissive and it's a compound phrase. It says that the creditor may collect only the principle of the loan. So it's limiting what the creditor may only collect the principle of the loan. It's the equivalent of shaft, may only grammatically. It's may only in the negative. You may not do this. You may only do this. That is a mandatory. In other words, you may only collect principle, not all the other amounts. Well, Your Honor, I believe it's actually phrased may collect only the principle balance of the loan. But you're right. It's may only. In other words, it's not you may go to the store. You don't have to go to the store. But when you say you may not go to the store, that's prohibitive. That's mandatory. Yes, it's prohibiting the creditor from collecting more than the principle balance of the loan. And it doesn't stop there. The statute goes on. It says may collect only the principle amount.  If that hasn't been paid, then to allow automatically, and it has to be because every one of these loans involves a contract, then it has to be that every one of those principles has been reduced by the nominal damages. Well, Your Honor, again, it's may collect only the principle balance of the loan and may not collect any interest costs, fees, or other charges. So there are two prohibitions on the creditor. These are not permissions for the creditor. These are prohibitions on the creditor. So they may collect only the principle balance of the loan and they can't collect any interest, costs, fees, or other charges. That's my point. My point is I'm trying to resolve this problem about you're getting nominal damages on a contract claim when the contract claim is dependent only on collect violation. Yes, Your Honor. And my suggestion is that in that circumstance, it would be a circumvention of collect to allow you nominal damages. Well, Your Honor, I would disagree with that because that 121018A2 is not protecting the creditor's rights. 121018A2 is providing damages, providing relief, statutory penalties for the consumer, not for the creditor. And in addition, this case is not based solely on violations of 121018A2. This case is based on violations of 121021, the repossession provisions that require GMAC to provide certain information. GMAC still hasn't provided that information. So there's that separate violation that gives rise to a breach of contract claim, that gives rise to nominal damages. And there is no set-off under collect. There is no protection of the principle under collect. 121018A2 is simply saying that the creditor may collect no more. In no event may the creditor collect more than the principle balance. And the idea that collect protects the principle is completely undermined by 1018B, which says that in the event that there's a knowing violation, which has been alleged here, the consumer gets three times the amounts collected in excess of what's authorized under collect, which would necessarily eat into the principle. So there's no way that that can be read as protecting the principle for the creditor. It's just not. In addition, collect does not require actual damages. There is no part of collect that requires actual damages. And again, the commissioner of financial regulation charged with regulating under collect, charged with enforcing collect, in the Ward case, used the same language to find that people who hadn't paid the principle amount of their loan were entitled to a refund. Those in foreclosure, those not in foreclosure. There was no carve-out for people in foreclosure. There was simply additional relief that was authorized. Those foreclosure cases had to be dismissed. And then those people could elect to have either the money paid to them, so that they could keep it, or they could have it applied. And that's something that came into play in the case of Ward. Ward is a little bit distinguishable, though, because it dealt with an unlicensed broker right from the get-go. You've got a violation of the relevant statutes here. You've got a lender at least in compliance on the front end, and a violation coming on the back end. Why doesn't that serve to distinguish Ward? Well, because there are a couple of reasons. Number one, because CLEC authorizes the collection of the interest in 12-10-002, I believe. 12-10-18-A-2 takes away what 12-10-002 gave. So if the creditor violates CLEC, it doesn't have that right in the first place. In addition, GMAC is still trying to collect the interest costs, fees, and other charges from the plaintiffs in their deficiency. This is in the record at J.A. 68 and 136. They lay out the interest costs, fees, and- I thought the amputation compensation was started with the agreement to pay for the vehicle. Mr. Gardner, it was $38,000. Yes, Your Honor. And then subtracting from it the amounts they paid, give them full credit against that principle in the amount of $19,000, and full credit for the sale price, leaving only principle of $11,000. Well, those are their- There's no interest in there, no fees, nothing else. Those are their arguments in this court, but there was- I heard Mr. Bryce say that the- That's math. I thought I heard him say- That's simple math. Well, but that's not laid out. Well, but GMAC is saying that they can still collect it. That's what their letter says. That's why we want a declaratory judgment so that we can go tell other people, You can't collect this. They're saying- So we can say to GMAC, you can't collect it. Hold it, hold it. You're going a little fast. The deficiency, that's all I'm talking about, what the deficiency of principle is- Yes, Your Honor. Is the amount they agreed to pay for the vehicle, less the amounts they paid. They're getting full credit for the amounts they paid, plus the sales price of the vehicle, leaving $11,478. That, just by definition of the calculation, is only principle. Your Honor, if you look at JA-68, this is how we calculated your deficiency sent by GMAC. I understand, but that is not the way the court did it. The court took out all the fees, took out all the interest. It made a simple calculation, what you agreed to pay for the vehicle. There was no calculation by the court, Your Honor. There's no numbers in the court's opinion. There was never an accounting. That's what we want. We want a declaratory judgment that says, among other things, GMAC, you may not- You dispute the $11,478 as the deficiency? Yes, Your Honor. We say that there is no deficiency. What number do you disagree with? Well, Your Honor, we believe that there is no deficiency, but on top of that- Let me just ask you a question, then. This is a little troubling, you know, that we can't agree on the basic facts in a case, because we can't argue the law unless we can agree on what the record says and what the facts are. It seems to me this woman agreed to pay $38,356 for the vehicle, right? I believe that's- That's the base amount she agreed to pay. She made payments of $19,178. Paid nearly $20,000 on this vehicle. Nearly $20,000. Yes. The sales price of the vehicle was $7,700. Yes, it was a $38,000 vehicle sold for $7,700. You calculate those numbers and no others, and you end up with a deficiency of $11,478. Now, what's wrong with that? Well, what's wrong with that in part is that GMAC is asking for more than that, and what we have asked the district court for is- What's wrong with that? Where are they asking for more than $11,000? JA-68. JA-68, Your Honor. Is that before the litigation? Yes, Your Honor. Well, that doesn't count. These are, you know, during the collection, they also thought it was a private sale. You can't come back and say, oh, they've been maintaining the position. They had a legitimate argument that it was a private sale. They were wrong. They were told they were wrong by the Court of Appeals of Maryland, and it's a- excuse me, they thought it was a public sale. Well, they've never said we're not collecting the deficiency. They've said we are collecting the deficiency, and the district court never said GMAC may not collect the repossession costs, the transportation costs, the $1,371 in accrued finance charges that GMAC is seeking from my clients that is barred by CLEC. We're entitled to a declaratory judgment that they can't get that. In addition- I think your light has been on for a while here, your red light. It is, Your Honor. I would encourage the court to certify the question again. Okay, thank you. Thank you. We'll come down and greet counsel and take a short recess.
judges: Paul V. Niemeyer, Albert Diaz, Barbara Milano Keenan